IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLAN H. PIOQUINTO,

        Plaintiff,

    v.

M/V LOWLANDS SCHELDT;
THE PORT OF PORTLAND;
KINDER MORGAN OPERATING L.P.
"C"; and KINDER MORGAN BULK
TERMINALS, LLC,

        Defendants.

No. 3:18-cv-00411-JR (Leading Case)
No. 3:18-cv-00412-JR (Trailing Case)

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Russo issued Findings and Recommendation ("F&R") on February 4,

2021 in which she recommends that this Court grant in part and deny in part Defendant Port of

Portland ("the Port")'s first and second Motions for Summary Judgment (ECFs 57 & 212 in

3:18-cv-00411-JR ("Leading Case"); ECFs 72 & 230 in 3:18-cv-00412-JR ("Trailing Case"));

1 - ORDER

grant in part and deny in part Defendant Kinder Morgan's Motion for Summary Judgment (ECF 140 in Leading Case; ECF 157 in Trailing Case); deny as moot Defendant M/V Lowlands Scheldt ("the Vessel")'s Motion for Summary Judgment (ECF 79 in Leading Case; ECF 94 in Trailing Case); grant in part and deny in part Defendants' first Joint Motion to Strike Evidence (ECF 183 in Leading Case; ECF 201 in Trailing Case); deny Defendants' second Joint Motion to Strike Evidence (ECF 229 in Leading Case; ECF 247 in Trailing Case); grant in part and deny in part Defendants' evidentiary objections related to Plaintiff's expert testimony; and deny Plaintiff's renewed request to reopen discovery. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff and the Port timely filed objections to the Magistrate Judge's F&R. Objections, ECF 248 & 254 (Leading Case), ECF 266 & 272 (Trailing Case). When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Having carefully considered the parties' objections, the Court finds that the Magistrate Judge erred in determining that mooring lines do not qualify as an "unreasonably dangerous condition" as a matter of law. F&R 35, ECF 244 (Leading Case) & 262 (Trailing Case). Summary judgment is unwarranted because there is evidence from which a jury could conclude that the mooring lines were an unreasonably dangerous condition. *See Wolff v. Padja, Inc.*, 732 F. App'x 614, 616 (9th Cir. 2018) (reversing district court's grant of summary judgment because a jury could find based on expert testimony that a six-inch step was an unreasonably dangerous condition); *Quirk v. Skanska USA Bldg., Inc.*, No. 3:16-CV-0352-AC, 2018 WL 2437537, at *29

(D. Or. May 30, 2018) (whether uncovered trench at worksite presented an unreasonably dangerous condition was a question for the jury to decide even though the plaintiff was generally aware of the trench); *Massey v. Coos Head Timber Co.*, 62 Or. App. 578, 582 (1983) ("[V]iewing the evidence in the light most favorable to plaintiff, we are unable to say as a matter of law that the presence of a baseball-size rock on a dock near the end of the gangway, while men are using the gangway during a loading operation, is not an unreasonably dangerous condition."). And if the fact finder determines that the mooring lines were an unreasonably dangerous condition, Kinder Morgan would have been required to do more than merely warn Plaintiff. *Vandeveere-Pratt v. Portland Habilitation Ctr.*, Inc., 242 Or. App. 554, 558 (2011); *Wilk v. Georges*, 267 Or. 19, 26 (1973).

In addition, the Court does not find Plaintiff had constructive notice of Kinder Morgan's two warning signs. While it is reasonable to assume that a warning will be read and heeded in the products-liability context, *see* F&R 36-38 (citing cases), Kinder Morgan has not put forward, and the Court is not aware of, any authority that stands for the proposition that knowledge of a warning should be imputed to a visitor in the premises-liability context. Unlike a warning label affixed to a product or a fee included in a receipt handed to a customer, there is evidence that Kinder Morgan's warning signs were not so obvious. Carey Decl. Ex. 13 at 101:19-102:9 (Port's security guard testifying that he had never noticed the warning signs despite being familiar with the area). There is also evidence from which a jury could find Kinder Morgan's warning to "stay clear" of mooring lines and that the lines "may move at any time" was inadequate. *See Wolff*, 732 F. App'x at 615-16 (finding triable issue existed as to adequacy of the warning where the defendant told the plaintiff there was a "large step" and insisted she avoid taking it but allowed her to traverse the step anyway, because a jury could find the defendant's "warning lacked

crucial detail about the nature of the risk"). The Court therefore concludes that Kinder Morgan is not entitled to summary judgment on Plaintiff's claims of negligence put forth in allegations (f) and (g).

## CONCLUSION

The Court ADOPTS in part Magistrate Judge Russo's Findings and Recommendations [244][262]. Therefore, the Port's first Motion for Summary Judgment [57][72] is DENIED as to Plaintiff's allegation (a) and GRANTED in all other respects. The Port's second Motion for Summary Judgement [212][230] is likewise DENIED as to allegation (a). Kinder Morgan's Motion for Summary Judgment [140][157] is DENIED as to Plaintiff's allegations (e), (f), and (g), and GRANTED in all other respects. The Vessel's Motion for Summary Judgment [79][94] is DENIED as MOOT in light of the parties' settlement.

Defendants' first Joint Motion to Strike Evidence [183][201] is GRANTED as to Errata 7-9, 30-31, 34, 36-37, 39, 43-45, 50, 52, 61, 68-69, 79, 83-85, 90-91, 93, 101, 105, and 112, and DENIED in all other respects. Defendants' second Motion to Strike Evidence [229][247] is DENIED. Defendants' evidentiary objections are GRANTED in part and DENIED in part as to Crawford's and Kelley's testimony, and DENIED as MOOT as to Moore's testimony. Plaintiff's renewed request to reopen discovery is DENIED.

IT IS SO ORDERED.


DATED: __June 22, 2021__ .



MARCO A. HERNÁNDEZ
United States District Judge